**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**AMANDA LEWIS, individually and as
Personal Representative of the Estate of
Ja'Miyah Jackson, deceased, and JULIE
JACKSON, as Personal Representative of
the Estate of Joshua Leigh Jackson,**

                  **Plaintiffs,**

**-vs-**                                                     **Case No. 6:09-cv-1457-Orl-28DAB**

**THE MELBOURNE HOUSING
AUTHORITY, and THE HOUSING
AUTHORITY OF BREVARD COUNTY,**

                  **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        In reviewing the file, the Court finds that the Court lacks federal subject matter jurisdiction and the case should be remanded to the state court from which it was removed. Plaintiffs Amanda Lewis[1] and Julie Jackson bring claims as personal representatives of the estates of two decedents who died when a natural gas line exploded in an apartment owned and operated by Defendants Melbourne Housing Authority and the Housing Authority of Brevard County, filed suit against the Defendants on April 10, 2009 in the Eighteenth Judicial Circuit in and for Brevard County, Florida. Doc. No. 2. On August 7, 2009, the Housing Defendants were served with the Complaint and they removed the case to this Court on August 21, 2009, alleging subject matter jurisdiction on the basis of negligence, negligence per se, and strict liability claims purportedly based on failure to

---

[1]Amanda Lewis also brings claims individually for injuries received in the blast.

follow the federal housing regulations, 24 C.F.R. § 902.23. *See* Doc. No. 1 ¶ 6. An issue is raised as to whether Plaintiffs' tort claims arise under state or federal law and whether the Court has subject matter jurisdiction over the claims.

The party removing a case to federal court has the burden of proving that federal jurisdiction exists. On its face, the Complaint states no federal cause of action, nor alleges a proper basis for federal court jurisdiction. Under § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States, which would include federal housing regulations. 28 U.S.C. § 1331. A case "arises under" federal law for 28 U.S.C. § 1331 purposes only when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Parties cannot consent to federal subject matter jurisdiction; it is a question of law for the Court to decide. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1318 (11th Cir. 2001) (Eleventh Circuit raised *sua sponte* issue of whether the case involved a sufficient amount in controversy despite parties' stipulation that court had jurisdiction). Where subject matter jurisdiction is properly challenged, the party asserting jurisdiction bears the burden of proof. *Jackson v. United States*, Case No.6:05-cv-1643-Orl-19KRS, 2006 WL 4863066, *3 (M.D. Fla. 2006) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)). In this case, the burden is on Defendants, as the parties who removed the case, to demonstrate that federal question jurisdiction exists.

In Count I, Plaintiffs allege a claim for negligence for the Defendants' failure to properly install and maintain a natural gas system and fire extinguishers, failure to respond to complaints of or detect a gas odor, and failure to terminate gas service to an adjacent apartment. Doc. No. 2 at 11-

14. In Counts II through IV, Plaintiffs allege Defendants are strictly liable and liable for negligence and negligence *per se* for all of the identical conduct listed in their claim for negligence., *i.e.*, for failure to properly install and maintain a natural gas system and fire extinguishers, failure to respond to complaints of or detect a gas odor, and failure to terminate gas service to an adjacent apartment; in addition, for failure to comply with regulatory provisions governing public housing. Doc. No. 2 at 14-24.

Plaintiffs' Complaint in this case does not allege a federal cause of action nor a claim of which some substantial, disputed question of federal law is a necessary element. Plaintiffs allegations in Counts II-IV are in reality state tort claims for negligence, negligence per se, and strict liability. Under Florida law, statutes and ordinances are categorized in three groups to determine the standards to apply when there is a violation of the statute – these categories come under the general headings of strict liability, negligence per se, and evidence of negligence. *Eckelbarger v. Frank*, 732 So.2d 433, 435 (Fla. 2d DCA 1999) (citing *deJesus v. Seaboard Coast Line R.R.*, 281 So.2d 198 (Fla.1973)); *St. Cyr v. Flying J Inc.*, Case No. 3:06-cv-13-J-33TEM, 2006 WL 2175662 (M.D. Fla. July 31, 2006) (applying Florida law). Strict liability claims may be brought pursuant to statutes which are "designed to protect a particular class of persons from their inability to protect themselves," such as child labor laws and statutes prohibiting the sale of firearms to minors. *Eckelbarger*, 732 So.2d at 435 (citing *deJesus*, 281 So.2d at 201). A negligence per se ordinance, protecting a particular class of people from a particular type of injury, entitles the plaintiff to an instruction to a jury that violation of the statute or ordinance "is negligence" and the jury need only determine whether such negligence caused the loss or injury complained of. *Id*. Violations of statutes and ordinances that are neither strict liability nor negligence per se require the plaintiff to prove all elements of actionable negligence. *Id*.

Assuming *arguendo* that Plaintiffs state a claim for any of the three counts applying the federal

housing regulations as the "statute" at issue, the fact remains that such claims are state tort law causes of action and do not morph into federal claims simply because they look to federal regulations as setting the standard of care. Plaintiffs have not asserted a private cause of action under the federal housing regulations or applicable statutes; thus, there is no federal question jurisdiction. Because there is no federal question at issue, and that is the basis on which Defendants removed the case to this Court, the Court lacks subject matter jurisdiction. It is respectfully **RECOMMENDED** that the case be remanded to the Eighteenth Judicial Circuit in and for Brevard County, Florida.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 26, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy